1    +

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ZENAIDA CORDOVA,                    Case No.  1:24-cv-00482-JLT-HBK (PC)

12              Plaintiff,               FINDINGS AND RECOMMENDATIONS TO
                                         GRANT DEFENDANT'S MOTION TO
13        v.                             DISMISS BUT GRANT PLAINTIFF LEAVE
                                         TO AMEND[1]
14   OFFICER GREG RODRIGUEZ, ACTING
     WARDEN MICHAEL PALLARES, and        FOURTEEN DAY DEADLINE
15   DOES 1 to 30,

16              Defendants.

17

18        Plaintiff Zenaida Cordova is a state prisoner proceeding through counsel on her Complaint

19   for Violation of Civil and Constitutional Rights under 42 U.S.C. § 1983.  (Doc. No. 1,

20   "Complaint").  Defendant Michael Pallares filed a motion to dismiss pursuant to Federal Rule of

21   Civil Procedure 12(b)(6).  (Doc. No. 16).  Plaintiff filed an opposition (Doc. No. 33), and

22   Defendant filed a reply (Doc. No. 34).  For the reasons set forth below, the undersigned

23   recommends the district court grant the motion to dismiss, but allow Plaintiff leave to amend her

24   Eighth Amendment claim against Pallares.

25   ///

26   ///

27

28

---

[1]This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Eastern District of California Local Rule 302 (E.D. Cal. 2025).

1  **I.        BACKGROUND**

2         **A.    Case Initiation and the FAC**

3         On April 23, 2024, Plaintiff initiated this action by filing her Complaint against Officer

4  Greg Rodriguez, Acting Warden Miachael Pallares, and Does 1 to 30.  (Doc. No. 1 at 1).

5  Defendant Pallares is sued in his individual capacity.  (*Id.* at 3, ¶ 6).  The Complaint alleges that

6  at all relevant times, Plaintiff was incarcerated at the Central California Women's Facility

7  ("CCWF"), where Defendant Pallares was the acting warden.  (*Id.*).  "[B]egining in August of

8  2021 and the final event occurring on April 24, 2022," various CCWF employees, including but

9  not limited to Defendant Rodriguez, "forced, coerced, intimidated and threatened [Plaintiff] that if

10 she did not perform sexual acts with those men that they would take punitive action against her

11 including placing her in solitary confinement or (Ad Seg), or other punitive and uncomfortable

12 punishments."  (*Id.* at 5, ¶ 16).  Specifically, "Rodriguez took [Plaintiff] into the Board of Parole

13 Hearing (BPH) office on those occasions referenced above and told her that he could help her

14 shorten her time at CCWF if she agreed to commit sexual acts with him."  (*Id.*).  Plaintiff "was

15 forced to perform fellatio on Officer Rodriguez," and Rodriguez took Plaintiff "into the BPH and

16 sodomized her and raped her repeatedly with the last occurrence being April 24, 2024."  (*Id.*).

17 Plaintiff faults CDCR and Pallares for "not properly investigat[ing] prior claims of sexual

18 harassment, physical and sexual assaults committed against inmates by Defendants at CCWF."

19 (*Id.* at 7, ¶ 27).  She further alleges that Pallares "made intentional decisions with respect to the

20 co-defendants that allowed them to have unmonitored access to areas not subject to video

21 surveillance or other monitoring."  (*Id.* at 8, ¶ 29).

22        Based on these allegations, Plaintiff asserts four claims: (1) cruel and unusual

23 punishment/excessive force against Rodriguez and Pallares; (2) right to bodily integrity against

24 Rodriguez and Pallares; (3) failure to protect against Pallares; and (4) supervisory liability against

25 Pallares.  (*Id.* at 6-10).

26        **B.  Defendant's Motion**

27        On October 1, 2024, Pallares moved to dismiss the claims against him.  (Doc. No. 16).

28 Defendant argues that Plaintiff's first claim for cruel and unusual punishment/excessive force

fails because "an Eighth Amendment claim for sexual assault requires that the plaintiff allege the defendant touched the plaintiff in a sexual manner or otherwise personally engaged in sexual misconduct for the defendant's own gratification," but the Complaint "contains no allegations that Warden Pallares used any force or touched [Plaintiff] at all, much less in a sexual manner, or otherwise engaged in any sexual misconduct with [Plaintiff]." (*Id.* at 4-5). Additionally, Defendant argues he is entitled to qualified immunity on this claim because "it was not clearly established that a warden could violate the Eighth Amendment's prohibition against excessive force and sexual assault based on an officer's sexual assault when unaccompanied by any sexual touching, sexual misconduct, or other personal participation in the sexual misconduct by the warden." (*Id.* at 6-7).

Next, Defendant argues Plaintiff's Fourteenth Amendment right to bodily integrity claim is not cognizable because the Eighth Amendment governs convicted inmates' claims regarding alleged sexual assault. (*Id.* at 7-8). Further, Defendant argues that "even if the Court is inclined to recognize such a claim, it would fail as to Warden Pallares for the same reasons stated with respect to the Eighth Amendment claim, as [Plaintiff] has alleged no sexual touching or other sexual conduct by Warden Pallares." (*Id.* at 8). As with the previous claim, Defendant argues he is entitled to qualified immunity because "it is not clearly established that convicted inmates can state a 'bodily integrity' claim under the Fourteenth Amendment." (*Id.* at 8-9).

Turning to Plaintiff's failure to protect claim, Defendant argues Plaintiff has not alleged sufficient facts to state a claim because she makes only vague and conclusory allegations, but "does not allege that she reported any misconduct by a Defendant, or any other prison staff member." (*Id.* at 10-11). As to the supervisory liability claim, Defendant argues such fails because there is no *respondeat superior* liability under 42 U.S.C. § 1983 and the Complaint does not allege "any facts plausibly suggesting that Warden Pallares was on notice that Defendant Rodriguez or any other staff were sexually assaulting inmates." (*Id.* at 11-12). Defendant argues this failure to allege sufficient facts to support the claim also entitles him to qualified immunity. (*Id.* at 12-13). Finally, Defendant argues dismissal with prejudice is proper because amendment would be futile. (*Id.* at 13).

**C. Subsequent History and Plaintiff's Opposition**

On October 29, 2024, the previously assigned magistrate judge ordered Plaintiff to file a response to Defendant's Motion within thirty days. (Doc. No. 21). Approximately two weeks later, the magistrate judge ordered Plaintiff's counsel to inform the Court which Defendants still remained in the case and inform the Court which Defendants, if any, Plaintiff wished to voluntarily dismiss. (Doc. No. 22). The same day, the magistrate judge ordered Plaintiff to inform the Court why proofs of service had not been filed or to file the appropriate proofs of service within seven days. (Doc. No. 23). On January 2, 2025, after Plaintiff failed to respond to the Court's orders, the Court entered an order once again instructing Plaintiff to indicate which Defendants remain and which Defendants she wished to voluntarily dismiss, and to inform the Court why proofs of service had not been filed. (Doc. No. 25). On January 6, 2025, Plaintiff filed a response to the Court's order requesting that both Defendants Pallares and Rodriquez remain in this action. (Doc. No. 26).

On July 3, 2025, this matter was reassigned to the undersigned magistrate judge. (Doc. No. 28). Following review of the file, the undersigned ordered Plaintiff to file an amended complaint or response to Defendant's Motion and to show cause why Defendant Rodriguez should not be dismissed under Federal Rule of Civil Procedure 4(m). (Doc. Nos. 29, 30). On August 14, 2025, Plaintiff filed a return of service, indicating Rodriquez was served on May 28, 2024. (Doc. No. 31).

Also on August 14, 2025, Plaintiff filed her opposition to Defendant's Motion. (Doc. No. 33). Plaintiff argues Pallares need not have been involved in the actual sexual assault but rather can be held liable for Plaintiff's claim of cruel and unusual punishment based on his deliberate indifference to Plaintiff's safety. (*Id.* at 4-7). In her opposition, Plaintiff argues that claims "had been made against Officer Rodriguez for years prior to [her] claims" and Rodriguez's "methods of taking the women into the Parole Board hearing room, where no cameras were installed, was well known throughout the prison" such that Pallares's "failure to either make himself familiar with these claims and blindly allow these atrocities to continue, or, worse, to ignore them altogether, results in liability to him under the 8th Amendment." (*Id.* at 6-7). Plaintiff next

1  asserts that "Warden Pallares makes the surprising argument that since [Plaintiff] was a prison

2  inmate, and not simply a detainee, she lost her right to bodily integrity" and "[t]hat claim is just

3  wrong." (*Id.* at 7-8). Plaintiff relies on *Vazquez v. County of Kern*, 949 F.3d 1153 (9th Cir.

4  2020), to support her argument that she can bring a Fourteenth Amendment bodily integrity

5  claim. (*Id.*).

6      As to Defendant's argument that Plaintiff's claims for failure to protect and supervisory

7  liability are redundant, Plaintiff argues "[r]edundancy is not a valid basis for dismissal, and

8  Plaintiff is not arguing for *respondeat superior* liability against Pallares," but rather argues her

9  "failure to protect claim under the Eighth Amendment against Pallares is asserting liability for

10  Pallares's culpable inaction and is properly plead." (*Id.* at 8-9). Plaintiff asserts that she was

11  "sexually harassed, assaulted and raped by Defendant Rodriguez while at CCWF and *after* prior

12  complaints had been made to Pallares" but "Pallares took no action to stop the rapes of female

13  inmates." (*Id.* at 10). Plaintiff argues Pallares is not entitled to qualified immunity because he

14  "knew that female inmates, including [Plaintiff], faced a substantial risk of harm and took no

15  action to protect the female inmates," and the right of prisoners to be free from sexual assault is

16  clearly established. (*Id.* at 11-12). To the extent the Court grants Defendant's Motion, Plaintiff

17  requests an opportunity to amend "to state facts more clearly for the Court." (*Id.* at 12).

18      **D. Defendant's Reply**

19      Defendant Pallares filed his reply on August 22, 2025. (Doc. No. 34). Defendant argues

20  Plaintiff's "opposition appears to concede that [her] claim against Warden Pallares for 'Cruel and

21  Unusual Punishment/Excessive Force' fails." (*Id.* at 2 (citing Doc. No. 33 at 4-7)) (record

22  citation omitted). To the extent Plaintiff's argument can be read as asserting a failure to protect

23  claim, Defendant argues the allegations in the Complaint are insufficient to support such a claim.

24  (*Id.* at 2-3). As to the bodily integrity claim, Defendant argues that *Vazquez* does not support that

25  an inmate can bring such a claim under the Fourteenth Amendment. (*Id.* at 3-5). Defendant next

26  argues that Plaintiff's "opposition appears to concede that the Third and Fourth claims for Relief

27  are an attempt to plead a single claim for 'failure to protect,'" but the Complaint "is devoid of

28  facts indicating that Warden Pallares was on notice that Officer Rodriguez posed a substantial

1    risk of serious harm to [Plaintiff]." (*Id.* at 5). Finally, Defendant argues Plaintiff should be

2    denied leave to amend because neither the Complaint nor the opposition "provides a factual basis

3    that could state a claim against Warden Pallares." (*Id.* at 6).

4    **II.    STANDARD OF REVIEW**

5          A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "tests the

6    legal sufficiency of a claim." *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir.

7    2011). Dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal

8    theory or the absence of sufficient facts alleged under a cognizable legal theory." *Id.*; *see*

9    *also Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (to survive a motion to dismiss, the

10   complaint must have sufficient facts to state a facially plausible claim to relief). In deciding a

11   motion under Rule 12(b)(6), the court accepts as true all well-pled factual allegations in the

12   complaint and determines whether the factual allegations are sufficient to state a right to relief

13   above the speculative level. *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Nw. Envtl. Def. Ctr.*

14   *v. Brown,* 640 F.3d 1063, 1070 (9th Cir. 2011) (court accepts as true all material allegations in the

15   complaint, as well as any reasonable inferences to be drawn from them).

16         "Where a motion to dismiss is granted, a district court must decide whether to

17   grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and,

18   thus, leave to amend should be freely granted." *Winebarger v. Pennsylvania Higher Educ.*

19   *Assistance Agency*, 411 F. Supp. 3d 1070, 1082 (C.D. Cal. 2019) (citation omitted). However,

20   where leave to amend would be futile, because "the allegation of other facts consistent with the

21   challenged pleading could not possibly cure the deficiency," leave to amend may be denied.

22   *DeSoto v. Yello Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

23   **III.    ANALYSIS**

24        **A. Eighth Amendment**

25         Both Plaintiff's first claim for cruel and unusual punishment/excessive force and her third

26   claim for failure to protect arise under the Eighth Amendment, which "prohibits cruel and unusual

27   punishment in penal institutions." *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012).

28   "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth

Amendment." *Id.* at 1046.  Additionally, under the Eighth Amendment, prison officials have an affirmative obligation to protect prisoners from violence inflicted by others.  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Labatad v. Corrs. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The failure of prison officials to protect inmates from attacks "may rise to the level of an Eighth Amendment violation if prison officials know of and disregard a substantial risk of serious harm to the plaintiff." *Thomas v. Hernandez*, No. 2:21-cv-01638-TLN-DMC-P, 2022 WL 1173339, at *4 (E.D. Cal. Apr. 20, 2022) (citing *Farmer*, 511 U.S. at 847, *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)).  Accordingly, to state a failure to protect claim, the prisoner must establish that the prison official was deliberately indifferent to a serious threat to the plaintiff's safety. *Farmer*, 511 U.S. at 834.  Deliberate indifference includes both subjective and objective components: "[a] prison official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference." *Labatad*, 714 F.3d at 1160 (quoting *Farmer*, 511 U.S. at 837).  "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'"  *Id.* (quoting *Farmer*, 511 U.S. at 847).

Here, the Complaint does not contain any allegations that Pallares was directly involved in sexually assaulting Plaintiff nor does Plaintiff argue in her opposition that Pallares was directly involved in assaulting her.  (*See* Doc. Nos. 1, 33).  While Plaintiff argues that "[i]n other cases, some of which have been related to this, Warden Pallares was an actual participant in the sexual assaults" (Doc. No. 33 at 2), this case is separate from the related cases and must include sufficient facts to support Plaintiff's individual claims within the Complaint.  Plaintiff's total failure to allege facts indicating that Pallares was involved in her alleged assaults is fatal to her cruel and unusual punishment claim against him.

The Complaint is similarly devoid of facts to establish that Pallares acted with deliberate indifference to Plaintiff's safety.  Plaintiff makes conclusory allegations that Pallares "did not properly investigate prior claims of sexual harassment, physical and sexual assaults committed against inmates by Defendants at CCWF."  (Doc. No. 1 at 7).  However, the Complaint fails to provide any specific facts as to when, how, or to whom previous claims of sexual assault were

1  made.  Despite asserting in her opposition that "claims against Officer Rodriguez had been made

2  against Officer Rodriguez for years prior to [Plaintiff's] claims" and Rodriguez's "methods" were

3  "well known throughout the prison," Plaintiff does not allege any fact to support these assertions

4  in the Complaint.  (Doc. No. 33 at 6-7; *see generally* Doc. No. 1).  *See, e.g., Wood*, 692 F.3d at

5  1051 (prison officials not liable for sexual assault by guard where prisoner never disclosed

6  guard's actions to prison officials until after the incidents occurred); *see also Khan v. Pantoja*, No.

7  24-CV-03904 BLF (PR), 2024 WL 4951262, at *3 (N.D. Cal. Dec. 2, 2024) (finding fact that

8  correctional officer had several complaints of sexual misbehavior against him is not sufficient to

9  alert prison official that there existed a serious risk of harm to particular plaintiff).

10         Further, the assertions in the opposition still fail to identify specific reports of misconduct,

11  including an approximate time period as to when the reports were made, who received the reports,

12  and the alleged conduct that was the subject of the report in a way that would allow the Court to

13  infer that Pallares had knowledge of the risk of harm to Plaintiff.  (Doc. No. 33 at 6-7).  Without

14  more, Plaintiff's conclusory allegations fall short of establishing that Pallares not only knew of a

15  substantial risk of serious harm to Plaintiff but also failed to take measures to abate that risk.  *See*

16  *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (plaintiff's conclusory allegations were

17  insufficient when they did not include "a *specific* event or events instigated by the Defendants

18  that led to" the constitutional violation).  Thus, Plaintiff has also failed to state an Eighth

19  Amendment failure to protect claim against Pallares.

20         **B.  Fourteenth Amendment**

21         Plaintiff's second claim alleges Defendants violated her Fourteenth Amendment right to

22  bodily integrity when they sexually assaulted her.  (Doc. No. 1 at 7).  However, as Pallares

23  argues, Plaintiff's status as an inmate means that her claim necessarily arises under the Eighth

24  rather than Fourteenth Amendment.  As discussed above, the Ninth Circuit has concluded that

25  "[s]exual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth

26  Amendment."  *Wood*, 692 F.3d at 1046.  "[I]f a constitutional claim is covered by a specific

27  constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed

28  under the standard appropriate to that specific provision, not under the rubric of substantive due

8

1    process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham v. Connor*, 490

2    U.S. 386, 394 (1989)).  Accordingly, Plaintiff's right to bodily integrity claim is more properly

3    analyzed as a claim under the Eighth Amendment and fails for the reasons discussed above—the

4    failure to allege any facts indicating Pallares was involved in her assault.  *See Perkins v.*

5    *Woodford*, 453 F. App'x 711 (9th Cir. 2011) (noting that the district court properly construed

6    state prisoner's Fourteenth Amendment due process claim based on deliberate indifference to his

7    medical needs as an Eighth Amendment claim) (citing *Graham*, 490 U.S. at 395).

8         While Plaintiff relies on *Vazquez* to support that she can pursue a Fourteenth Amendment

9    bodily integrity claim separate from her Eighth Amendment claim, such argument is unavailing.

10   In *Vazquez*, the Ninth Circuit observed that "most cases that involve unwanted sexual contact or

11   harassment by public officials have been analyzed under the substantive due process right to be

12   free from violations of bodily integrity under the Fourteenth Amendment."  949 F.3d at 1162.

13   However, in a footnote, the Ninth Circuit explained that "[c]ases involving unwanted sexual

14   contact or harassment by public officials during an arrest or custodial situation are evaluated

15   under the Fourth Amendment."  *Id.* at 1162 n.6.  Thus, consistent with *Lanier*, the Ninth Circuit

16   recognized that when a claim arose under a specific constitutional amendment, it must be

17   analyzed under that amendment rather than under the more general umbrella of substantive due

18   process.  Consideration of Plaintiff's bodily integrity claim as a claim for cruel and unusual

19   punishment under the Eighth Amendment, rather than as a substantive due process claim under

20   the Fourteenth Amendment, is thus appropriate and consistent with *Vazquez*.

21        **C. Supervisory Liability**

22        Finally, Plaintiff asserts a supervisory liability claim against Pallares.  (Doc. No. 1 at 9-

23   10).  Under § 1983, "[g]overnment officials may not be held liable for unconstitutional conduct of

24   their subordinates under a theory of respondeat superior."  *Iqbal*, 556 U.S. at 676.  Thus, to show

25   that a supervisor is liable for a constitutional violation, a plaintiff may not rely on the alleged

26   misconduct of the supervisor's subordinates; rather, he "must plead that each Government-official

27   defendant, through the individual's own actions, has violated the Constitution."  *Id.*

28        "A supervisory official is liable under § 1983 [if] there exists either (1) his or her personal

1  involvement in the constitutional deprivation, or (2) a sufficient causal connection between the

2  supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cnty. of Los*

3  *Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (citation modified).  "The requisite causal connection

4  can be established … by setting in motion a series of acts by others… or by knowingly refus[ing]

5  to terminate a series of acts by others, which [the supervisor] knew or reasonably should have

6  known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-

7  08 (9th Cir. 2011) (citation modified).  "Thus, a supervisor may be liable in his individual

8  capacity for his own culpable action or inaction in the training, supervision, or control of his

9  subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a

10  reckless or callous indifference to the rights of others." *Rodriguez*, 891 F.3d at 798 (citation

11  modified); *see also Corales v. Bennet*, 567 F.3d 554, 570 (9th Cir. 2009) ("Supervisory liability is

12  imposed against a supervisory official in his individual capacity for his own culpable action or

13  inaction in the training, supervision, or control of his subordinates, for his acquiescence in the

14  constitutional deprivations of which the complaint is made, or for conduct that showed a reckless

15  or callous indifference to the rights of others.").

16      Based on the foregoing, a § 1983 claim against a supervisor can proceed so long as the

17  supervisor took or failed to take actions that were casually connected to the alleged harm.

18  Additionally, because this is the pleading stage, Plaintiff need only plead supervisory liability, not

19  prove it.

20      Here, Plaintiff alleges that Pallares "recklessly and with conscious disregard to known and

21  obvious risks to [Plaintiff's] safety, failed to protect Plaintiff and other inmates from pervasive

22  physical and sexual assaults" and his conduct "amounts to deliberate indifference to the rights of

23  [Plaintiff]."  (Doc. No. 1 at 9).  As Defendant argues, this claim is duplicative of Plaintiff's failure

24  to protect claim and is thus subject to dismissal for the same reasons discussed above.

25      **D.  Qualified Immunity**

26      Pallares argues he is entitled to qualified immunity on Plaintiff's claims.  (Doc. No. 16-1

27  at 6-7, 8-9, 12-13).  Having found Plaintiff fails to state a claim against Pallares, the undersigned

28  declines to address qualified immunity at this time.

**E. Leave to Amend**

"Although leave to amend should be given freely, a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantez v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

Here, it is not clear that amendment would not cure the pleading deficiencies in Plaintiff's Eighth Amendment claims against Pallares. Significantly, in her opposition but not in her Complaint, Plaintiff alleges that Pallares "was an actual participant in the sexual assaults" of inmates other than Plaintiff. (Doc. 33 at 2). Additionally, Plaintiff seems to argue that the sexual assaults against inmates were so pervasive that it would have been impossible for Pallares not to know they were occurring. (*Id.* at 6-7). Finally, Plaintiff alleges that she was assaulted "*after* prior complaints had been made to Pallares" and "Pallares took no action to stop the rapes of female inmates by Rodriguez." (*Id.* at 10). To the extent Plaintiff can assert specific facts to support these allegations in a sworn amended complaint, such would likely be sufficient to state an Eighth Amendment claim against Pallares. Additionally, discovery may subsequently reveal facts that Pallares had notice of the alleged sexual assaults. Thus, the undersigned finds that any dismissal should be without prejudice.

However, leave to amend Plaintiff's Fourteenth Amendment bodily integrity claim is not warranted because amendment would be futile. As discussed above, Plaintiff's claim is properly considered under the Eighth rather than Fourteenth Amendment.

Accordingly, it is **ORDERED**:

The July 31, 2025 Order to Show Cause (Doc. No. 30) is discharged.

Additionally, it is **RECOMMENDED**:

1. Defendant's Motion to Dismiss (Doc. No. 16) be **GRANTED**.

2. Plaintiff's Complaint (Doc. No. 1) be **DISMISSED without prejudice as to Defendant Pallares** with Plaintiff granted leave to file an amended complaint within twenty-one days of the district court's adoption of these Findings and Recommendations or after discovery if further facts are developed.

11

1

**NOTICE TO PARTIES**

2          These Findings and Recommendations will be submitted to the United States District

3  Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

4  after being served with a copy of these Findings and Recommendations, a party may file written

5  objections with the Court.  *Id.*; Local Rule 304(b).  The document should be captioned,

6  "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen**

7  **(15) pages**.  The Court will not consider exhibits attached to the Objections.  To the extent a party

8  wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its

9  CM/ECF document and page number, when possible, or otherwise reference the exhibit with

10  specificity.  Any pages filed in excess of the fifteen (15) page limitation may be disregarded by

11  the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. §

12  636(b)(l)(C).  A party's failure to file any objections within the specified time may result in the

13  waiver of certain rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

14

15  Dated:    September 27, 2025

16                                                              HELENA M. BARCH-KUCHTA
                                                                UNITED STATES MAGISTRATE JUDGE
17

18

19

20

21

22

23

24

25

26

27

28

12