UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZENAIDA CORDOVA,

          Plaintiff,

    v.

GREG RODRIGUEZ,

          Defendant.

Case No. 1:24-cv-00482-JLT-HBK (PC)

ORDER TO SHOW CAUSE

FOURTEEN DAY DEADLINE

This matter comes before the Court upon periodic review of the file. Plaintiff Zenaida Cordova is a state prisoner proceeding through counsel in this civil rights action. On October 24, 2025, the district court adopted the undersigned's findings and recommendations and granted Defendant Pallares's motion to dismiss the operative complaint, granting Plaintiff leave to file an amended complaint in twenty-one (21) days. (Docs. 35, 36). Plaintiff did not file an amended complaint and the time to do so has elapsed. Thus, this case now proceeds on Plaintiff's Complaint against Defendant Greg Rodriguez. (Doc. 1).

Plaintiff served Defendant Rodriguez with the operative complaint on May 28, 2024. (Doc. 31). Defendant's response to the complaint was due on June 18, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). Defendant Rodriguez has failed to plead or otherwise defend this action. (*See generally* docket). To date, Plaintiff has not requested an entry of default or taken any other action to further prosecute this action. Fed. R. Civ. Pro. 55.

A case cannot languish indefinitely on this court's overly burdened docket.  And it is not within the province of the court to advise a plaintiff on how to prosecute a case.  Indeed, a court may involuntarily dismiss an action when a litigant fails to prosecute an action.  *See* Fed. R. Civ. P. 41(b); *see Applied Underwriters v. Lichtenegger*, 913 F.3d 884, 889 (9th Cir. 2019) (citations omitted); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[T]he consensus among our sister circuits, with which we agree, is that courts may dismiss under Rule 41(b) *sua sponte*, at least under certain circumstances.").

Here, it appears Plaintiff has not prosecuted the case with reasonable diligence. Plaintiff has taken no action despite Defendant Rodriguez' failure to plead or defend this action for over a year.  *See Johnson v. Nations Direct Mortg. LLC*, No. ED CV 25-02566-KK-DTBX, 2025 WL 3254593, at *1 (C.D. Cal. Nov. 14, 2025) (finding a failure to timely request default judgment against a non-responsive defendant was a failure to prosecute and weighed in favor of dismissal); *Hernandez v. Porretta*, No. SA CV 25-00407-DFM, 2025 WL 1928089, at *3 (C.D. Cal. July 14, 2025) ("Plaintiff's failure to seek entry of default and default judgment or take any other action hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action.").

Accordingly, it is hereby **ORDERED**:

Within fourteen (14) days of this order, Plaintiff shall show cause in writing why this case should not be dismissed without prejudice consistent with Rule 41(b).  If Plaintiff fails to respond to the order, the undersigned will recommend the district court dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) and Local Rule 110.

Dated:  ___January 21, 2026___

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

2